# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-10659
Summary Calendar

MSW INVESTMENTS, A Texas
Joint Venture,

Plaintiff-Appellant,

versus

CHEVRON U.S.A., INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

(3:95-CV-1537)

March 27, 1998

Before POLITZ, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

MSW Investments appeals the district court's denial of its motion to vacate

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an arbitration award in a dispute about its right of first refusal on property owned by Chevron USA, Inc. MSW contends that the arbitrator's decision is not rationally inferable from the contract between it and Chevron and is based on a manifest disregard of the law. Chevron responds that the Arbitration Act[2] provides the sole basis for vacatur of an arbitration award. For the reasons assigned, we affirm.

Sections 10 and 11 of the Federal Arbitration Act provide the only grounds on which a reviewing court may vacate an arbitration award.[3] An award may not be reconsidered based on alleged errors of fact or law or misinterpretation of the contract.[4] We have expressly "declined to adopt 'manifest disregard,' or any other standard, as an addendum to [the Act]."[5] Thus, an arbitration award may not be vacated unless: "(1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators

---

[2] 9 U.S.C. § 1 *et seq.*

[3] **R.M. Perez & Associates, Inc. v. Welch**, 960 F.2d 534 (5th Cir. 1992).

[4] **Exxon Corp. v. Baton Rouge Oil and Chemical Workers Union**, 77 F.3d 850 (5th Cir. 1996).

[5] **McIlroy v. PainWebber, Inc.**, 989 F.2d 817, 820 n.2 (5th Cir. 1993).

exceeded their powers."[6]

MSW's contention that the arbitration award is not rationally inferable from the contract and is based on a manifest disregard of the law does not comport with any of the grounds for attacking an award set forth in the Arbitration Act. Consequently, MSW is not entitled to the relief it seeks. We affirm the confirmation of the arbitrator's award.

The judgment appealed is AFFIRMED.

---

[6] **Forsythe Int'l, S.A. v. Gibbs Oil Co. of Texas**, 915 F.2d 1017, 1020 (5th Cir. 1990); 9 U.S.C. § 10.